UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY BERNSTEIN and DIANE
BERNSTEIN,

     Plaintiffs,

v.                                                                    Case No.:  2:23-cv-902-SPC-KCD

CLEAR BLUE SPECIALTY
INSURANCE COMPANY,

     Defendant.
_____/

## OPINION AND ORDER

Before the Court are Defendant's supplements to its notice of removal. (Docs. 11, 14).  The Court ordered Defendant to supplement to properly allege the parties' citizenship and establish the amount in controversy.  (Doc. 8).  But Defendant still misses the mark.  So the Court remands.

In its notice of removal, Defendant alleged "it is facially apparent from the face of the Complaint that the amount in controversy in this case exceeds the sum of $50,000."  (Doc. 1 ¶ 20).  The only problem is 28 U.S.C. § 1332 requires an amount in controversy that exceeds $75,000—not $50,000.  So the Court directed Defendant to try again.  The Court tasked Defendant with proving by a preponderance of the evidence that the amount in controversy

exceeds $75,000.  *See* 28 U.S.C. § 1446(c)(2)(B); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

In its supplements, Defendant again asserts that "Plaintiffs and Defendant in this matter are diverse in citizenship and the amount in controversy exceeds $50,000.00." (Doc. 11 at 2).  In support of this déjà vu, Defendant provides a civil cover sheet from state court.  On the cover sheet, Plaintiffs checked a box indicating they estimate their claim to be "over $100,000." (Doc. 11-3).  But the document warns that "[t]he estimated amount of the claim is requested for data collection and clerical purposes only.  The amount of the claim shall not be used for any other purpose." (*Id.*).  And elsewhere the document states: "The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law." (*Id.*).

Despite Defendant's persistence, the amount in controversy still must exceed $75,000, not $50,000.  And, as advertised, the civil cover sheet is not a verified pleading or material evidence on the amount in controversy.  *See Unwin v. Hartford Ins. Co. of the Midwest*, No. 2:21-CV-135-SPC-NPM, 2021 WL 1821415, at *3 (M.D. Fla. Apr. 9, 2021) (finding a state court civil cover sheet was not enough to prevent remand); *Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-cv-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020) ("To give the state civil cover sheet a substantive effect for purposes of the

removal statute . . . would contravene the Supreme Court of Florida's own rule prohibiting the use of information in the cover sheet for any purpose other than the State's collection of data."). Defendant offers no other proof.

The Court put Defendant on notice of the deficiencies in its notice of removal and gave it a chance to fix them. But Defendant still failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Without this, the Court lacks jurisdiction and must remand.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Lee County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 26, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record